**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TINA NEWMAN,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF MISSOURI,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:26-cv-11930<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, TINA NEWMAN ("Plaintiff") by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of THE BANK OF MISSOURI, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq*., the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505 *et seq*., as well as for Invasion of Privacy ("IOP"), stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Illinois and a substantial portion of the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is an individual over 18-years-of-age residing in Will County, Illinois, which is located within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is engaged in the business of offering financial services and collecting or attempting to collect, directly or indirectly, debts owed or due. Defendant is formed under the laws of the state of Missouri, with its principal place of business located at 916 North Kings Highway Street, Perryville, Missouri 63775. Defendant regularly collects upon consumers across the country, including those residing within the state of Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff previously obtained a line of credit through Defendant in order to purchase personal and household goods ("subject debt").

10. As a result of financial difficulties, Plaintiff eventually fell behind on the subject debt.

11. Shortly thereafter, Defendant began placing systematic calls to Plaintiff's cellular phone, (708) XXX-4017.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4017. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Upon answering Defendant's phone calls, Plaintiff has often been greeted by an artificial and/or pre-recorded voice message before being connected with a live representative.

14. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject debt.

15. In or around July 2026, Plaintiff spoke with Defendant and notified one of its representatives that she did not wish to receive any further calls from Defendant.

16. Plaintiff has even reiterated her requests during subsequent conversations, including as recently as September 2026.

17. Yet, Defendant's conduct has persisted through the filing of this action, as it has placed at least twenty (20) phone calls to Plaintiff's cellular phone through the present day.

18. Defendant has used various phone numbers when placing calls to Plaintiff's cellular phone, including: (833) 910-7932.

19. Upon information and belief, the aforementioned phone number is regularly utilized by Defendant during its debt collection activities.

20. Seeing no end to defendant's harassing conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

21. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendants actions.

23. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, loss of sleep, aggravation that accompanies collection telephone calls, emotional distress, and increased usage of her telephone services and cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system or an artificial or pre-recorded messages without their consent (emphasis added).

26. Defendant used artificial and/or pre-recorded messages when placing calls to Plaintiff's cellular phone. Upon answering Defendant's phone calls, Plaintiff was often subjected to an artificial or pre-recorded voice prompting her to hold for the next available representative.

27. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using artificial and/or pre-recorded messages without her consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting her.

28. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff initially notified Defendant's representative to stop calling, Defendant had more than enough knowledge to know that its calls

were unwanted. Armed with this information, however, Defendant still willfully chose to continue its barrage of automated calls to Plaintiff's cellular phone.

30. As pled in paragraphs 20 through 23, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, TINA NEWMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

33. Defendant's calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

34. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or

> commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

35. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an automated system after Plaintiff had notified Defendant to stop calling. Yet, Defendant persisted with its calling campaign with the intent of harassing Plaintiff to extract payment from him. Defendant's continued conduct prompted Plaintiff to file this action.

36. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would return its calls. Moreover, Defendant intended that Plaintiff rely on its unfair and deceptive conduct. Defendant had repeatedly been notified of Plaintiff's demands that it cease calling her, and despite this explicit information, Defendant still proceeded with its harassing and unlawful conduct.

37. Plaintiff lacks a meaningful choice to go about avoiding Defendant's contacts, which places an unreasonable burden on Plaintiff to try and address Defendant's conduct. This further underscores the immoral, unethical, oppressive, and unscrupulous nature of Defendant's conduct which is contrary to public policy.

38. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. Defendant's conduct of placing incessant telephone calls to an individual without that individual's consent involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

40. Plaintiff was the subject of Defendant's incessant and relentless efforts. The nature of Defendant's conduct in placing relentless phone calls after repeatedly being told to cease doing so encompasses behavior which impacted Plaintiff and which would similarly impact other

consumers. Such conduct raises serious consumer protection concerns as entities such as Defendant must not be given free rein to harass consumers by placing excessive telephone calls and extracting money without consent. The relief requested below serves the interests of consumers by ensuring this pervasively unfair conduct is addressed.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. As pled in paragraphs 20 through 23, *supra*, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

43. An award of punitive damages is appropriate because intentionally and repeatedly bombarding Plaintiff's cellular phone after being told to stop is egregious conduct that is hallmark of outrageous, willful, and wanton behavior. Upon information and belief, Defendant regularly engages in the above-described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, TINA NEWMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

a. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III - INVASION OF PRIVACY-INTRUSION UPON SECLUSION

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant intentionally invaded Plaintiff's privacy through its barrage of unwanted automated phone calls to Plaintiff's cellular phone. This conduct was highly intrusive and invasive to Plaintiff, and thus, eliminated Plaintiff's right to privacy.

46. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted hers overall focus, and continually frustrated and annoyed Plaintiff to the point where she was denied the ability to quietly live her life, instead having it upended by Defendant's harassing phone call campaign.

47. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in her home and/or any other location in which she would have normally brought her cellular phone.

48. By continuing to call Plaintiff in an attempt to coerce her into making payment, all while having knowledge that Plaintiff did not wish to receive any further communications, Defendant provided Plaintiff with no reasonable escape from its incessant conduct.

49. As pled in paragraphs 20 through 23, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, TINA NEWMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, in connection with Defendant's invasion of privacy;

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as a result of Defendant's invasion of privacy;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 29th day of September 2026.

Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*

Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com